UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
TIFFANY THORNE,

             Plaintiff,

  -against-

SHANER HOTEL GROUP LIMITED
PARTNERSHIP; ACCURATE
BACKGROUND, LLC,

             Defendants.
------------------------------------------------------- X

Case No. _____

**DEFENDANT ACCURATE BACKGROUND, LLC'S NOTICE OF REMOVAL**

Defendant Accurate Background, LLC ("Accurate"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby removes this case from the Supreme Court of the State of New York, County of Erie, to the United States District Court for the Western District of New York. In support of its Notice of Removal, Accurate states as follows:

## PROCEDURAL BACKGROUND

1. On or about June 14, 2024, Plaintiff Tiffany Thorne ("Plaintiff") commenced a civil action against Accurate and Defendant Shaner Hotel Group Limited Partnership ("Shaner") (together, "Defendants"), by filing a Complaint in the Supreme Court of the State of New York, County of Erie, titled *Tiffany Thorne v. Accurate Background, LLC et al*, Index No. 808636/2024 (the "State Court Action").

2. Accurate was served with Plaintiff's Complaint on June 21, 2024. True and correct copies of the Summons and Complaint, together with all process, pleadings and orders served upon Accurate, are attached as Exhibit A. These documents constitute all "process, pleadings, and orders" served upon Accurate in the State Court Action as required by 28 U.S.C. § 1446(a).

3. Because Accurate has filed this Notice of Removal within thirty (30) days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4. Accurate's counsel has conferred with counsel for co-defendant Shaner. Shaner's consent to the removal is attached hereto as Exhibit B.

**GROUNDS FOR REMOVAL**

5. In her Complaint, Plaintiff purports to bring claims arising out of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq.* ("NY FCRA"). (*See* Exhibit A, Complaint, ¶ 1). Plaintiff seeks relief in the form of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, for alleged serious injuries, actual damages and harm, as well as such other relief the Court may deem equitable. (*Id.*)

6. This Court has original federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because Plaintiff alleges that Defendants violated the FCRA – a federal law – this action is removable to this Court pursuant to 28 U.S.C. § 1441.

7. Further, this Court has supplemental jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in this action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. Plaintiff's NY FCRA claim arises out of the same alleged conduct that forms the basis for Plaintiff's FCRA claims, and thus forms part of the same case or controversy under Article III of the United States Constitution. As with her FCRA claims, Plaintiff's NY FCRA

state law claim alleges that Accurate was negligent or otherwise failed to satisfy a duty in its preparation of Plaintiff's consumer report. Moreover, Plaintiff's state law claim, as alleged, does not raise novel or complex issues of state law, nor does it substantially predominate over Plaintiff's FCRA claim.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Pursuant to 28 U.S.C. § 1441(a), venue lies in the United States District Court for the Western District of New York because it is in the district and division embracing the place where the state court action is pending.

10. Promptly after the filing of this Notice of Removal, Accurate shall give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of Erie, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Accurate respectfully requests that the above-described action be removed to this Court.

Dated: New York, New York        Respectfully submitted,
       July 22, 2024

                                 SEYFARTH SHAW LLP


                                 By: */s/ Robert T. Szyba*
                                     Robert T. Szyba
                                     rszyba@seyfarth.com
                                     620 Eighth Avenue
                                     New York, New York  10018
                                     Telephone:  (212) 218-5500
                                     Facsimile:  (212) 218-5526

                                 Attorneys for Defendant
                                 ACCURATE BACKGROUND, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I presented the foregoing DEFENDANT ACCURATE BACKGROUND, LLC'S NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: */s/ Robert T. Szyba*
Robert Szyba
*Counsel for Defendant*
*ACCURATE BACKGROUND, LLC*